December 31, 1969.

M. P. No. 943; 943. JOHN FIGUERADO *v.* ARTHUR C. KREUTER, JR. ELLA N. THURSTON *v.* ARTHUR C. KREUTER, JR.

These are separate complaints in which the respondent, a member of the bar of this state, is charged with unprofessional conduct. Hereafter, we shall refer to the complainants by their last names.

The Figuerado complaint was filed in June 1968. It charges the respondent with failure to account for and remit promptly to the complainant some $200 he had collected from motor carriers for damages done to the complainant's property while in transit.

The Thurston complaint was filed in July 1968. It discloses that in 1962 the complainant was a joint tenant with one Peter Ryan, deceased, of certain shares of stock whose value at various times ranged between $92,000 to $130,000. On January 10, 1963, the administrator of Ryan's estate instituted an equity suit in the Superior Court for Providence County whereby he sought to recover the stock. The complainant retained the respondent as her solicitor. She stated that the respondent informed her that he would "take the case for $12,000." On January 31, 1963, a decree was entered in the Superior Court whereby the complainant was ordered to turn over all dividends she received to the respondent who in turn was directed to deposit these proceeds in a special account in which they were to remain until further order of the court. The complainant endorsed all dividend checks as she received them and forwarded them to the respondent. The equity suit was settled in July 1967. During the pendency of this litigation, there had been delivered to the respondent dividend checks in the total amount of $13,027.86.

To finance the case settlement of $18,500 which was paid to the administrator, the complainant borrowed $23,500 from a

local bank. Out of this money the complainant paid the respondent $3,634.27 as a portion of his fee. It was at about this time that the complainant discovered that her attorney had failed to comply with the January 31, 1963 decree of the Superior Court. He had not opened the required savings account but instead had deposited the dividends forwarded him by the complainant in his personal bank account and used the money. The Thurston complaint further alleged that the respondent had failed to file various tax returns due the Internal Revenue Service as a result of which she was forced to pay penalties in addition to the taxes due.

The complaints were brought to the attention of the Investigating Committee which is created and functions pursuant to the provisions of Rule 9 of our Rules of Practice. In general, that Committee receives complaints against members of the bar for unprofessional conduct; investigates such complaints, and then determines whether a complaint justifies prosecution before the Committee on Complaints. If the Investigating Committee believes that a complaint should be so prosecuted, the case is then referred to the Committee on Complaints for a hearing and one of the members of the Investigating Committee is designated to conduct the prosecution of the complaint before the Committee on Complaints.

The Committee on Complaints, often times described as the hearing committee, is also created and functions by virtue of Rule 9. This committee hears and considers complaints against members of the bar and, after hearing and consideration thereof, reports its findings and recommendations to this Court.

Here, a separate investigation and hearing was held on each complaint. The hearings were held on February 14, 1969. The complainants and the respondent appeared before the Committee on Complaints.

The respondent told the Committee that he is now residing in Florida and working for a federal governmental agency. The

Committee was informed that, two months after the filing of the Figuerado complaint, an accounting had been made between the parties. The respondent admitted that he had not complied with the Superior Court decree. Although he had never rendered any accounting, bill or statement, the respondent attempted to explain his actions in the Thurston complaint by claiming that the dividends he appropriated were a portion of the fee due him for the extensive services he had rendered in the complainant's behalf. He claimed that his fee amounted to $20,000. His former client took strong issue with this contention.

On September 5, 1969, the Committee on Complaints forwarded us its report on each complaint. The Committee found that while the respondent's conduct in the Figuerado matter in and of itself would not necessarily warrant disciplinary action, this behavior, when considered with the respondent's failure to obey the Superior Court's decree, demonstrated a lack of a proper sense of responsibility and duty toward clients. The Committee also found that the respondent's actions in the Thurston matter was unethical and unprofessional. It was the Committee's recommendation that this Court discipline the respondent in such manner as it deemed appropriate.

On November 18, 1969, the respondent, in response to our order to show cause why he should not be disciplined, appeared before us in chambers accompanied by counsel. He confirmed the fact that he is now a resident of Florida and that he is not engaged in the general practice of the law in that state. He concedes that the failures attributed to him in each complaint are true. He said that he is now attempting to resolve the fee controversy. He attributes his failure to open the savings account and his appropriation of the dividends to pressing personal problems. He did not disclose the nature of these problems.

Upon consideration, we find that no good cause has been

shown why this Court should not approve the findings and recommendations of the Committee on Complaints and they are hereby approved. The respondent's disobedience of the Superior Court decree is inexcusable. His failure to promptly account to Figuerado for the moneys received from the freight carriers is not only regrettable but constitutes a violation of Professional Ethics of the Rhode Island Bar Association, Canon 11. Disciplinary action is warranted.

It is hereby ordered that the respondent, Arthur C. Kreuter, Jr. be and he is hereby suspended from engaging in the practice of law in this state until further order of this Court provided, however, he may apply for reinstatement on and after the first Monday of January 1972 at which time we will consider any petition filed on his behalf. *Charles H. Drummey*, Chairman, Committee on Complaints. *Stephen F. Achille*, for respondent.